Lance Conway Wood #31919
ISCI 11-B-41-B
P.O. Box 14
Boise, Idaho 83707

James Earl Newman #72431
ISCI 11-C-58-A
P.O. Box 14
Boise, Idaho 83707

Thomas Baccus Jr. #42392
ISCI Unit 16
P.O. Box 14
Boise, Idaho 83707

Milo Beeson #24671
ISCI 11-B-35-B
P.O. Box 14
Boise, Idaho 83707

Plaintiffs

**U.S. COURTS**

**JUN 0 2 2010**

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LANCE CONWAY WOOD; JAMES EARL
NEWMAN; THOMAS BACCUS JR.; MILO
BEESON; and all those similarly
situated,

        Plaintiffs,

-vs-

BOARD OF CORRECTIONS; ROBIN SANDY;
CAROLING MELINIE; JAY NELSON; JR.
VAN TASSEL; BRENT REINKE; PAUL
PANTHER; PAM SONNEN; JOHANNA SMITH
SMITH; SHELL WAMBLE-FISHER; JAY
CHRISTENSEN; KEITH YORDY; JEFF
KIRKMAN; JILL WHITTINGTON; WEB;
BARROSO; KIMBLE; SIDWELL; VERNAL;
SACKETT; CARLIAL; KEELY DUKE;
BRYAN NICKELS; BRADY HALL; FIVE
JOHN DOES; and FIVE JANE DOES; all
named and un-named defendants are
named in their individual and
official capacities,

        Defendants.

Case No. 10-0277-CV CWD

**PRISONERS CIVIL RIGHTS
COMPLAINT**

**JURY TRIAL DEMANDED**

## I. JURISDICTION

1.    This Court has jurisdiction over Plaintiffs claims pursuant to 42 U.S.C. §1983; 42 U.S.C. §1331; 42 U.S.C. §1343(a)(3); 18 U.S.C. §241; and 18 U.S.C. §242, 18 U.S.C.A. §246.

## II. VENUE

2.    The District Court of Idaho is an appropriate venue under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions given rise to Plaintiffs claims occurred in this district.

## III. PARTIES

3.    Plaintiff Lance Wood is a citizen of Idaho presently residing at ISCI 11-B-41-B, P.O. Box 14, Boise Idaho 83707.

4.    Plaintiff James Earl Newman is a citizen of Idaho presently residing at ISCI 11-C-58-A, P.O. Box 14, Boise Idaho 83707.

5.    Plaintiff Thomas Baccus Jr. is a citizen of Idaho presently residing at ISCI Unit 16, P.O. Box 14, Boise Idaho 83707.

6.    Plaintiff Milo Beeson, is a citizen of Idaho presently residing at ISCI MA, P.O. Box 14, Boise Idaho 83707.

7.    Defendant Robin Sandy is a citizen of Idaho whose address is 1299 Orchard Street, Suite 110, Boise Idaho 83720. Robin Sandy is Chairman of the Board of Corrections and was appointed by the Governor of Idaho to exercise duties set forth in Article X, Section 5 of the Idaho Constitution. She is sued in her individual and official capacity.

8.    Defendant Caroling Melinie is ex-vice chairman of the Board

PRISONERS CIVIL RIGHTS COMPLAINT - 2

of Corrections and a citizen of Idaho and whose address is unknown. At the time of the incidents raised herein, Caroling Melinie was appointed by the Governor of Idaho to exercise duties set forth in Article X, Section 5 of the Idaho Constitution. She is sued in her individual and official capacity.

9.   Defendant Jay Nelson is a citizen of Idaho whose address is 1299 Orchard Street, Suite 110, Boise Idaho 83720. Jay Nelson is Vice Chairman of the Board of Corrections appointed by the Governor of Idaho to exercise duties set forth in Article X, Section 5 of the Idaho Constitution. He is sued in his individual and official capacity.

10.  Defendant Jr. Van Tassel is a citizen of Idaho whose address is 1299 Orchard Street, Suite 110, Boise Idaho 83720. Jr. Van Tassel is the Secretary of the Board of Corrections appointed by the Governor of Idaho to exercise duties set forth in Article X, Section 5 of the Idaho Constitution. He is sued in his individual and official capacity.

11.  Defendant Brent Reinke is a citizen of Idaho whose address is 1299 Orchard Street, Suite 110, Boise Idaho 83720. Brent Reinke is Director of the Idaho Department of Corrections and oversees all prison operations in the State of Idaho. He is sued in his individual and official capacity.

12.  Defendant Paul Panther is a citizen of Idaho whose address is 1299 Orchard Street, Suite 110, Boise Idaho 83720. Paul Panther is Deputy Attorney General of Idaho and oversees the representation of Idaho Department of Corrections (IDOC) employees. He is sued in his individual and official capacity.

PRISONERS CIVIL RIGHTS COMPLAINT - 3

13.  Defendant Pam Sonnen is a citizen of Idaho whose address is 1299 Orchard Street, Suite 110, Boise Idaho 83720. Pam Sonnen is the Chief of Prison Division for IDOC and responsible for maintaining the standard operating procedures for IDOC. She is sued in her individual and official capacity.

14.  Defendant Johanna Smith is a citizen of Idaho whose address is P.O. Box 14, Boise Idaho 83707. Johanna Smith is Warden of the Idaho State Correctional Institution (ISCI), and responsible for the operation of the prison. She is sued in her individual and official capacity.

15.  Defendant Shell Wamble-Fisher is a citizen of Idaho whose address is P.O. Box 14, Boise Idaho 83707. Shell Wamble-Fisher is the Deputy Warden of Operations at ISCI and is responsible for maintaining the programming. She is sued in her individual and official capacity.

16.  Defendant Jay Christensen is a citizen of Idaho whose address is P.O. Box 14. Jay Christensen was deputy warden at ISCI at the time of the events described herein, and was responsible for maintaining the security at ISCI. He is sued in his individual and official capacity.

17.  Defendant Keith Yordy is a citizen of Idaho whose address is P.O. Box 14, Boise Idaho 83707. Keith Yordy is Deputy Warden of Security and responsible for maintaining the security at ISCI. He is sued in his individual and official capacity.

18.  Defendant Jeff Kirkman is a citizen of Idaho whose address is P.O. Box 14, Boise Idaho 83707. Jeff Kirkman oversees three

positions at ISCI: (1) Religious Activities Oversight Coordinator,
(2)Program Coordinator of Religious Activities for IDOC, and
(3) Access to Courts Coordinator. He is sued in his individual and
official capacity.

19.  Defendant Jill Whittington is a citizen of Idaho whose address
is P.O. Box 14, Boise Idaho 83707. Jill Whittington is the
Grievance Coordinator for ISCI and responsible for processing the
grievances filed by prisoners. She is sued in her individual and
official capacity.

20. Defendant Barroso is a citizen of Idaho whose address is P.O.
Box 14, Boise Idaho 83707. Barroso at the time of the events
described herein, was the Disciplinary Hearing Officer (DHO) at
ISCI responsible for conducting the Disciplinary Offense Reports
(DOR). He is sued in his individual and official capacity.

21.  Defendant Web is a citizen of Idaho whose address is P.O.
Box 14, Boise Idaho 83707. Web is the Sergeant in charge of
investigations. She is sued in her individual and official capacity.

22.  Defendant Kimble is a citizen of Idaho whose address is P.O.
Box 14, Boise Idaho 83707. Kimble is a sergeant at ISCI. He is
sued in his individual and official capacity.

23.  Defendant Sidwell is a citizen of Idaho whose address is P.O.
Box 14, Boise Idaho 83707. Sidwell is the sergeant for Unit 10 and
11 at ISCI. He is sued in his individual and official capacity.

24.  Defendant Vernal is a citizen of Idaho whose address is P.O.
Box 14, Boise Idaho 83707. Vernal is a Correctional Officer (C/O)
at ISCI. He is sued in his individual and official capacity.

25. Defendant Sackett is a citizen of Idaho whose address is ISCI, P.O. Box 14, Boise Idaho 83707. Sackett is a c/o at ISCI. He is sued in his individual and official capacity.

26. Defendant Carlial is a citizen of Idaho whose address is ISCI, P.O. Box 14, Boise Idaho 83707. Carlial is a c/o at ISCI. He is sued in his individual and official capacity.

27. Defendant Keely Duke is a citizen of Idaho whose address is 702 West Idaho Street, Suite 700, Boise Idaho 83701. Keely Duke is an attorney contracted by the Attorney General's Office to represent IDOC personnel. She is sued in her individual and official capacity.

28. Defendant Bryan Nickels is a citizen of Idaho whose address is 702 West Idaho Street, Suite 700, Boise Idaho 83701. Bryan Nickels is an attorney contracted by the Attorney General's Office to represent IDOC personnel. He is sued in his individual and official capacity.

29. Defendant Brady Hall is a citizen of Idaho whose address is P.O. Box 6756, Boise Idaho 83707. Brady Hall is an attorney contracted by the Attorney General's Office to represent IDOC personnel. He is sued in his individual and official capacity.

30. All John and Jane Doe defendants are citizens of Idaho whose address and identity will be provided when plaintiffs have had a chance to conduct discovery. They are all sued in their individual and official capacities.

31. At all times relevent to the events described herein, the defendants have acted under color of law.

## IV. FACTUAL ALLEGATIONS

32.  The following facts depict defendants violation of plaintiffs constitutional rights:

A.  **Defendants Board of Corrections, Robin Sandy, Caroling Melinie, Jay Nelson, Jr. Van Tassel, Brent Reinke, Paul Panther, Pam Sonnen, Johanna Smith, Shell Wamble-Fisher, Jay Christensen, Keith Yordy, Keely Duke, Bryan Nickels, and Brady Hall, Failure to Protect Plaintiffs.**

33.  The Board of Corrections consists of Three board members: Robin Sandy, Caroling Melinie, Jay Nelson, and Jr. Van Tassel. (These three individuals here-on-out will be referred to as the Board of Corrections).

34.  Defendant Board of Corrections duty is set forth in Article X, Section 5, of the Idaho Constitution, and in Idaho Code §20-212.

35.  The duty of defendant Board of Corrections is to create policy that governs the operation and management of IDOC personnel and prisoners.

36.  Defendant Board of Corrections have detailed the IDOC Mission Statement which projects the idealism of the IDOC to the public, IDOC personnel, and prisoners.

37.  Article X, Section 5, of the Idaho Constitution, and Idaho Code §20-212, give authority only to defendant Board of Corrections to create, modify, or cancel IDOC policy.

38.  Defendant Board of Corrections have failed to protect plaintiffs from unlawful and unconstitutional acts carried out against them by defendants Reinke, Sonnen, Smith, Wamble-Fisher,

Christensen, Yordy, Whittington, Kirkman, Barroso, Web, Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel, as defined herein this complaint, by not creating stricter policy, or enforcing existing IDOC policy, or by exercising their duty set forth in Article X, Section 5, of the Idaho Constitution, and Idaho Code §212.

39.  By not creating stricter policy, or enforcing existing IDOC policy, or by not exercising their duty as set forth by Article X, Section 5, and Idaho Code §212, defendant Board of Corrections failed to protect plaintiffs from unlawful and unconstitutional conduct, as defined herein this complaint, when defendants Reinke, Sonnen, Smith, Wamble-Fisher, Christensen, Yordy, and other IDOC personnel, created, modified, and/or canceled existing IDOC policy.

40.  Defendant Board of Corrections are knowledgeable about the decades of unlawful and unconstitutional conduct against prisoners by IDOC personnel, and the current unlawful and unconstitutional conduct being practiced upon plaintiffs by defendants Reinke, Sonnen, Smith, Wamble-Fisher, Christensen, Yordy, and other IDOC personnel, yet have not created stricter policy, or enforced existing IDOC policy, or have exercised their duty set forth in Article X, Section 5, of the Idaho Constitution, and Idaho Code §212, to prevent or deter defendants unlawful and unconstitutional conduct towards plaintiffs, as defined herein this complaint.

41.  Defendants Reinke, and Sonnen, have failed to protect plaintiffs from defendants Smith, Wamble-Fisher, Christensen, Yordy, and other IDOC personnel, unlawful and unconstitutional

PRISONERS CIVIL RIGHTS COMPLAINT - 8

conduct towards plaintiffs, as defined herein this complaint,
when failing to enforce IDOC policy, and when allowing defendants
and other IDOC personnel to create, modify, and/or cancel
existing IDOC policy.

42.  Defendants Smith, Wamble-Fisher, Christensen, and Yordy,
failed to protect plaintiffs from defendants Whittington,
Kirkman, Web, Barroso, Kimble, Sidwell, Vernal, Sackett, Carlial,
and other IDOC personnel, unlawful and unconstitutional conduct,
as defined herein this complaint, when not enforcing IDOC policy,
and allowing defendants and other IDOC personnel to create,
modify, and/or cancel existing IDOC policy.

43.  Defendants Reinke, Sonnen, Smith, Wamble-Fisher,
Christensen, and Yordy are knowledgeable of the decades of
unlawful and unconstitutional conduct against prisoners by IDOC
personnel, and the current unlawful and unconstitutional
violations committed against plaintiffs by defendants
Whittington, kirkman, Web, Barroso, Kimble, Sidwell, Vernal,
Sackett, Carlial, and other IDOC personnel, yet have not
attempted to prevent future unlawful and unconstitutional conduct
from occuring.

44.  Defendants Panther, Duke, Nickels, and Hall, are
knowledgeable of the decades of unlawful and unconstitutional
conduct against prisoners by IDOC **personnel,** and were aware of
defendants Reinke, Sonnen, Smith, Wamble-Fisher, Christensen,
Yordy, and other IDOC personnel, unlawful and unconstitutional
conduct being practiced against plaintiffs, as defined herein
this complaint, yet failed to protect plaintiffs from defendants
unlawful and unconstitutional conduct.

PRISONERS CIVIL RIGHTS COMPLAINT - 9

45. By defendants Board of Corrections, Reinke, Panther, Sonnen, Smith, Wamble-Fisher, Christensen, Yordy, Duke, Nickels, and Hall, failure to abide by, and enforce upon defendants and other IDOC personnel, the IDOC Mission Statement, plaintiffs are subjected to unlawful and unconstitutional violations, as defined herein this complaint.

46. By defendants Board of Corrections, Reinke, Panther, Sonnen, Smith, Wamble-Fisher, Christensen, Yordy, and other IDOC personnels' belief that prisoners should be punished beyond imprisonment, resulted in plaintiffs being subjected to unlawful and unconstitutional violations, as defined herein this complaint.

47. By turning a deaf-ear and failing to investigate, defendants Kirman, Whittington, Web, Barroso, Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel, after plaintiffs reported their unlawful and unconstitutional violations, defendants Board of Corrections, Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Christensen, Yordy, Duke, Nickels, Hall, and other IDOC personnel, failed to protect plaintiffs.

B. **Defendants Board of Corrections, Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Christensen, Yordy, Kirman, Whittington, Web, Barroso, Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC Personnel, Unlawful and Unconstitutional Violations Against Plaintiffs.**

48. Defendants Board of Corrections, Reinke, Sonnen, Pather, Smith, Wamble-Fisher, Christensen, Yordy, Barroso, Web, Kimble, Sidwell, Vernal, Sacket, Carlial, and other IDOC personnel, create, modify, cancel, and/or ignore IDOC policy to justify

their unlawful and unconstitutional violations against plaintiffs.

49. Defendants Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Christensen, Yordy, Whittington, Kerman, Barroso, Web, Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel, do not have the authority to create, modify, cancel, and/or ignore, IDOC policy.

50. By defendants Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Christensen, Yordy, Kirkman, Whittington, Web, Barroso, Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel, creating, modifying, canceling, and/or ignoring IDOC policy, defendants have subjected plaintiffs to unlawful and unconstitutional violations.

**1.  Retaliation, Harassment, and Intimidation.**

51. Defendants Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Christensen, Yordy, Barroso, Web, Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel, unlawful, and unconstitutional violations against plaintiffs for seeking redress of their concerns through the grievance procedure and/or through the court system, constitutes retaliation, harassment, and intimidation against plaintiffs.

52. Defendants Board of Corrections, Reinke, Panther, Sonnen, Smith, Wamble-Fisher, Christensen, Yordy, Barroso, Web, Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel, have subjected plaintiffs to ongoing retaliation, harassment, and intimidation, for seeking redress of their concerns through the grievance procedure, and/or through the court system.

53. Defendants Board of Corrections, Reinke, Panther, Sonnen, Smith, Wamble-Fisher, Christensen, Yordy, Web, Kimble, Sidwell,

Vernal, Sackett, Carlial, and other IDOC personnel, have
subjected plaintiffs to retaliation, harassment, and
intimidation, for being litigators, and/or witnesses against
defendants and/or other IDOC personnel.

54.  Defendants Board of Corrections, Reinke, Sonnen, Panther,
Smith, Wamble-Fisher, Christensen, Yordy, and other IDOC
personnel have retaliated, harassed, and intimidated plaintiffs,
in order to deter other prisoners from seeking redress of their
concerns through the grievance procedure, and/or through the
court system.

55.  Defendants Board of Corrections, Reinke, Sonnen, Panther,
Smith, Wamble-Fisher, Christensen, Yordy, Barroso, Web, Kimble,
Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel,
history and currently practiced retaliation, harassment, and
intimidation against prisoners, defendants and other IDOC
personnel have forced plaintiffs to live in constent fear of
worse forms of reprisal from defendants for seeking redress of
concerns through the grievance procedure, and/or through the
court system.

56.  Defendants Board of Corrections, Reinke, Sonnen, Panther,
Smith, Wamble-Fisher, Christensen, Yordy, Barroso, Web, Kimble,
Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel,
history and currently practiced retaliation, harassment, and
intimidation against plaintiffs, defendants have detered
prisoners from seeking redress of their concerns through the
grievance procedure, and/or through the court system.

57.  Defendants Reinke, Sonnen, Panther, Smith, Wamble-Fisher,

Yordy, and other IDOC personnel, shut down the Life Transitions Program to retaliate, harass, and intimidate plaintiff Wood for seeking redress of his concerns through the grievance procedure and through the court system.

58. Defendants Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Yordy, and other IDOC personnel shutting down the Life Transitions Program, in order to retaliate, harass, and intimidate plaintif Wood for seeking redress of his concerns through the grievance procedure and through the court system, brought upon the death of inmate Lessle Walker, and Rhineheart Beverly.

59. Defendants Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Yordy, and other IDOC personnel, shutting down the Life Transitions Program, in order to retaliate, harass, and intimidate plaintiff Wood, resulted in other prisoners housed in medical and under the aid of the Life Transitions Team, to be denied letters being written to their family, telephone calls to their family, reading and writing, conversation, companionship, outside recreation, helping prepare paperwork to the parole Commission, attorneys, with the grievance procedure and to the courts, the basic necessity of life, and have caused their suffering severe hardship.

60. Defendants Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Yordy, and other IDOC personnel, have operated unlawfully and unconstitutionally by shutting down the Life Transition Program, and were dishonest about their reasoning for shutting down the program.

61.  Defendants Board of Corrections, Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Christensen, Yordy, Whittington, Kirkman, Web, Barroso, Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel, believe they are above the law and can subject plaintiffs to unlawful and unconstitutional violations because they are prisoners.

62.  Wood filed a federal §1983 complaint in March 2004, and in August 2007, against IDOC personnel.

63.  Plaintiffs Newman, Baccus Jr., and Beeson, have been witnesses for Wood in his §1983 complaints against defendants and IDOC personnel.

64.  Up-to Wood filing the §1983 complaints, during, and presently, defendants Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Christensen, Yordy, Barroso, Web, Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel, have retaliated, harassed, and intimidated Wood, Newman, Baccus Jr., and Beeson.

65.  Defendants and other IDOC personnel, have transferred Wood, Newman, and Beeson, to different units.

66.  Defendants and other IDOC personnel, have moved Wood, Newman, and Beeson from out of single-cells.

67.  Defendants and other IDOC personnel have read and stolen Wood, Newman, Baccus, and Beeson, legal material.

68.  Defendants and other IDOC personnel have left Wood, Newman, Baccus, and Beeson, legal material in disaray after plaintiffs were subjected to excess cell searches.

69.  Defendants and other IDOC personnel have confiscated Wood, Newman, and Beeson, legal material to photo copy it.

70.   Defendants and other IDOC personnel, have issued Wood, Newman, and Beeson, Disciplinary Offense Reports (DOR), which plaintiffs were either forced to plead guilty to, or were convicted of, and punished for.

71.   Defendants and other IDOC personnel, have fired Wood, and Newman from the Life Transitions Program.

72.   Defendants and other IDOC personnel have transferred Newman once, and Beeson twice, to the Idaho Maximum Security Institution (IMSI).

73.   Defendants and other IDOC personnel have subjected Wood, Newman, and Beeson, to excess urinalysis testing.

74.   Defendants and other IDOC personnel have placed Newman, and Beeson in segregation many times, and where Newman is presently at as of May 17, 2010.

75.   Defendants and other IDOC personnel have fired Wood, Newman, and Beeson from institutional jobs.

76.   Defendants and other IDOC personnel have denied Wood, Newman, Baccus Jr., and Beeson programming.

77.   Defendants and other IDOC personnel have entered false information into Wood, Newman, Baccus Jr., and Beeson, institutional files.

78.   Defendants and other IDOC personnel continue to deny Wood his chapel job and Head of Life Transition facilitator position.

79.   Defendants and other IDOC personnel placed the false information into Wood's institutional file, and/or contacted the Utah Board of Parole to cause harm in his up-and-coming parole hearing, and stole his wordprocessor.

80. Defendants and other IDOC personnel have taken away Newman's visits, and at times have turned his visitors away.

81. Defendants and other IDOC personnel have subjected Newman to excess pat and strip searches.

82. Defendants and other IDOC personnel have forced Baccus Jr. into programming.

83. Defendants and other IDOC personnel have allowed Baccus Jr. to be assaulted by other prisoners, then he was punished.

84. Defendants and other IDOC Personnel have caused Baccus Jr. to be denied parole twice.

85. Defendants Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Christensen, Yordy, and other IDOC personnel have punished plaintiffs for the unlawful and unconstitutional violations committed against them by defendants and other IDOC personnel.

86. Defendants Board of Corrections, Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Christensen, Yordy, and other IDOC personnel teach defendants and other IDOC personnel to always back up IDOC personnel over prisoners even if the prisoner is right, and the IDOC personnel is wrong.

87. Plaintiffs were retaliated, harassed, and intimidated, by defendants and other IDOC personnel for engaging in a protected activity.

88. Due to defendants subjecting plaintiffs to retaliation, harassment, and intimidation, for seeking redress of their concerns through the grievance procedure, and/or through the court system, plaintiffs have suffered, severe psychological trauma, and the deprivation of their constitutional rights, loss of property, legal material, and priviledges.

PRISONERS CIVIL RIGHTS COMPLAINT - 16

89. Defendants ongoing retaliation, harassment, and intimidation against plaintiffs for seeking redress of their concerns through the grievance procedure and/or through the court system, falls within the State of Idaho continuous tort act.

## 2. Denial of Access to Courts.

90. Defendant Board of Corrections Access to Court policy is unlawful and unconstitutional.

91. The Access to Court policy was created by defendant Board of Corrections, and implemented by defendants Reinke, Sonnen, Smith, Wamble-Fisher, Yordy, and Kirkman, to deter and deny prisoners access to courts.

92. Defendants Access to Courts policy does not provide prisoners with persons trained in the law to assist them with preparing court documents or with the initial court filing.

93. Defendant Kirkman is a paralegal and Access to Court Coordinator for the entire IDOC prison system.

94. Andrea Blades is not a licensed paralegal, and is the only Legal Aid Assistent for the 1500 plus prisoners housed at ISCI.

95. Defendants Access to Courts policy denies prisoners total access to the courts. Defendants have removed all case-site books, and other legal books helpful to prison litigation. They have fired all prisoner law clerks, and banned prisoners from meeting and assisting one another with their court cases. Defendants then hired defendant Kirkman, and non-defendant Blades who cannot assist prisoners with preparing court documents or with their initial court filing.

96. Due to defendants Access to Courts policy, prisoners and plaintiffs have been denied access to courts.

97. Plaintiffs Wood and Beeson were unable to adequately prepare their initial filings with the courts, which resulted in some of their issues being dismissed in their case.

98. Plaintiffs Wood, Newman, and Beeson, were unable to maintain their cases once in court, which resulted in issues in their cases being dismissed.

99. Plaintiffs Newman, and Baccus Jr. were unable to prepare their initial court filing because defendants do not have any persons trained in the law that could have assisted them.

100. Due to defendants retaliation, harassment, and intimidation against plaintiffs for seeking redress of their concerns through the grievance procedure and/or through the court system, prisoners have been detered from seeking redress of their concerns through the grievance procedure and court system, because they fear the same unlawful and unconstitutional violations will be committed against them.

101. Defendant Board of Corrections Grievance policy was created to deny prisoners access to courts.

102. Prisoners know defendants and other IDOC personnel use the grievance policy to target litigators, and that prisoners very seldom win their grievance issues.

103. Defendants and other IDOC personnel make it difficult for prisoners to exhaust administrative remedies, by not responding and/or by not addressing the issues raised in prisoner concerns/grievances.

104. Defendant Whittington is the ISCI Grievance Coordinator, and deters prisoners from filing grievances by not processing their grievances, keeping inaccurate records of their grievances, and/or returns their grievances to them unresponded; claiming their grievances were improperly filed out, or contained duplicate issues, or their issues not being understood.

105. Defendants and other IDOC personnel have made plaintiffs jump through hoops in order to exhaust administrative remedies.

106. Defendants and other IDOC personnel know that the courts believe IDOC personnel over prisoners. With this knowledge, they steal prisoners concerns/grievances, destroy their concerns/grievances, do not responded to their concerns/grievances, and/or returned their concerns/grievances unresponded to, then claim to the courts that they have not exhausted their administrative remedies.

107. Plaintiffs have been denied access to court by defendants and other IDOC personnel stealing, destroying, and not responding to plaintiffs concerns/grievances.

108. Defendants and other IDOC personnel have denied plaintiffs access to courts by using the grievance policy to retaliate, harass, and intimidate, plaintiffs in order to deter them from seeking redress of their concerns.

109. Plaintiff Newman dropped his §1983 complaint he had filed against medical and IDOC personnel, because he feared harsher punishment by defendants if he continued with his lawsuit.

110. Plaintiffs Wood, Newman, Baccus, and Beeson have not filed concerns against defendants and other IDOC personnel because they are afraid that they would suffer harsher punishment at the hands

PRISONERS CIVIL RIGHTS COMPLAINT - 19

of defendants and other IDOC personnel if they filed their concerns.

111. Defendant Sackett stole plaintiff Wood's wordprocessor when Sackett, defendants, and other IDOC personnel were aware that the wordprocessor Sackett stole, contained motions and responses to the courts, preparation of several declaration under penalty of perjury for the Balla v. IDOC attorneys, and legal preparation for his cases.

112. This information listed in paragraph 111, was destroyed by defendants and other IDOC personnel, even though plaintiff proved by IDOC policy that the wordprocessor was his property.

113. The information listed in paragraph 111, and that was destroyed by defendants and other IDOC personnel, could not be retrieved or replaced. Wood was frustrated and was forced to forego redoing the motions and responses for his cases, and could not contact the prisoners who provided the information for the declarations under penalty of perjury due to them being transferred out of the institution.

114. Defendants denied Wood access to courts by destroying the information listed in paragrapgh 111.

115. Defendants and other IDOC personnel have continually opened plaintiffs incoming legal mail, and have lost/destroyed plaintiffs incoming and outgoing mail to family and friends.

116. Defendants and other IDOC personnel, stealing and destroying plaintiffs legal material, have denied plaintiffs access to courts.

117. Defendants Panther, Duke, Nickels, Hall, and other IDOC

personnel spoke to witnesses in both of plaintiff Wood's §1983 cases with the intentions to intimidate, and harass them in order to frighten them from testifying or participating any further in his cases. These witnesses felt intimidated and harassed by defendants, and their testimony was effected at trial, and witnesses withdrew from the case.

118. By defendants and other IDOC personnel contacting plaintiff Wood's witnesses for the purpose of intimidating and harassing them, other prisoners witnessed and heard of defendants unlawful and unconstitutional conduct, and chose not to participate any further in his case for fear of the same reprisal.

119. Defendants and other IDOC personnel are aware that by using unlawful and unconstitutional tactics against litigators and witnesses, they send a message to any potential witness, that this intimidation and harassment can happen to them.

120. Defendants and other IDOC personnel history of unlawful and unconstitutional conduct against plaintiffs and prisoner litigators and witnesses, have gone un-checked by the courts and law enforcement agencies. The courts and law enforcement agencies failure to deter or protect plaintiffs and prisoners from defendants and other IDOC personnel unlawful and unconstitutional violations, has caused prisoners and IDOC personnel to cease being a witness or wanting to be a witness out of fear of reprisal.

121. By defendants and other IDOC personnel unlawful and unconstitutional conduct against plaintiffs, prisoner litigators, and witnesses or potential witnesses, denies plaintiffs access to courts.

PRISONERS CIVIL RIGHTS COMPLAINT - 21

122. Plaintiffs have suffered actual injury from defendants and other IDOC personnel unlawful and unconstitutional violations against plaintiffs, prisoner litigators, witnessess, and potential witnesses.

C.    Defendants Board of Corrections, Reinke, Sonnen, Smith, Wamble-Fisher, Christensen, Yordy, Kirkman, and other IDOC Personnel, Violation of the Religious Land Use and Institutionalized Persons Act.

123. The ISCI chapel was built for the purpose of prisoners religious practice, and funded by the management fund, and through prisoners and outside donations.

124. Defendant Board of Corrections Religious Practice policy defines the daily operation of religious practices at IDOC, and the duties of defendants and IDOC personnel.

125. The chapel, and prisoner religious practice are to be kept separate from other buildings and programming at ISCI.

126. Before defendant Wamble-Fisher obtained her position as deputy warden, there were two Religious Activity Coordinators (RAC) that oversaw the chapel and prisoners religious practice.

127. The chapel was a healthy environment -- thriving in inspirational programming, classes, and services, up-unto defendant Wamble-Fisher taking over as deputy warden of operations.

128. The RACs conformed to policy, and maintained the current chapel programming and services, as well as, introducing new chapel programs and services, and bringing in special events.

129. After defendant Wamble-Fisher became deputy warden, the RACs were forced to defend the chapel programming and services to Wamble-Fisher.

130. Defendant Wamble-Fisher wanted the RACs to eliminate volunteers, programming, and services.

131. Defendant Wamble-Fisher stated to IDOC personnel, chapel volunteers, and prisoners that she does not believe prisoners should be afforded that type of chapel programming or services while incarcerated, and that the volunteers time would be better spent visiting resthomes.

132. While the RACs were employed at the ISCI chapel, defendant Wamble-Fisher put the chapel programming, services, and special events on lowest of priority list. Defendant canceled programs, sevices, and special events by closing the chapel periodically, and tried to eliminate the Life Transition Program by not approving new volunteers to replace the prisoners that left the program.

133. According to the RACs and IDOC personnel, defendant Wamble-Fisher had the chapel under seize because it was taking away from her non-chapel programming. "Pure evil" and "Satan's tool", is some of the phrases used by the RACs and chapel volunteers to describe defendant Wamble-Fisher's actions.

134. Upon further information and belief, defendant Wamble-Fisher practices atheism.

135. One RAC was let go due to budgetary concern, and shortly thereafter, the second Chaplain was fired.

136. Plaintiffs and prisoners have been without a qualified Religious Activity Operation Coordinator (RAOC), RAC, and chaplain since the last RAC was fired back in 2009.

PRISONERS CIVIL RIGHTS COMPLAINT - 23

137. The position of raoc, rac, or chaplain, is a bid position.

138. Upon further information and belief defendants Sonnen and Wamble-Fisher appointed defendant Kirkman as the RAOC at ISCI, and as the Program Coordinator of the entire IDOC prisons.

139. IDOC personnel and other individuals were detered from placing their bids in for the raoc, rac, or chaplain because they knew the position was already determined by defendants.

140. The IDOC personnel and other individuals who either were detered from placing their bids, or those that did place their bids, were more qualified then defendant Kirkman for the position of raoc, rac, or chaplain.

141. Defendant Kirkman holds three positions for IDOC: (1) Access to Courts Coordinator, (2) Program Coordinator for IDOC, and (3) RAOC.

142. Upon further information and belief, defendant Kirman is not receiving a wage for RAOC from out of the general fund.

143. Defendants and other IDOC personnel are not conforming to the IDOC Religious Practice policy.

144. Defendants and other IDOC personnel have made it their mission to eliminate chapel programming, services, and special events to discourage religious practice.

145. Defendants Wamble-Fisher and Kirkman have worked together to:

> .decreased the times and days the chapel is open,
> .decreased the days and times that the chapel volunteers can come to ISCI chapel,
> .decreased the amount of programming and services available at the chapel,

.terminated chapel worker pay slots and jobs,
.created confict between chapel volunteers and IDOC
  personnel,
.discouraged chapel volunteers and prisoners from
  visiting the chapel,
.caused chapel volunteers and prisoners from going
  to the chapel,
.closed the chapel library,
.removed all inspirational audio tapes and research
  tools from prisoner use,
.closed the chapel sanctuary for prisoner use,
.terminated the chapel music program,
.stopped showing religious movies at the chapel,
.shut down the Life Transition PROGRAM,

146. By eliminating chapel programming and services, defendants
Wamble-Fisher and Kirkman transformed the chapel into a place
where spirituality is feared. Defendants set in motion their plan
to show that the chapel is not being used very much, so the
classrooms can be used for defendants psychometric designed
programs, and other non religious activities.

147. Currently, defendant Kirkman uses the chapel offices as his
personal law office. The bookcases are stacked with law books,
legal forms on the table, closets full of legal material, and the
chapel copier is used to print legal forms.

148. Defendant Kirkman spends his time working on legal projects
for defendants, then performing his duties as defined by the
Religious Practice policy.

149. Upon further information and belief, defendants are using
chapel funds for other budgetary functions at ISCI.

150. The Life Transition Program provided religious services and reading material for the prisoner patients housed in medical. However, since defendants and other IDOC personnel closed the Life Transitions Program, on or about October 2, 2009, prisoner patients, as of date May 25, 2010, continue to be deprived religious services, programs, and religious reading material.

151. Defendants and other IDOC personnel are discriminating against plaintiffs and prisoners for being Christians, and/or practicing some form of spirituality.

152. Plaintiffs have been detered from visitng the chapel for programming and services by defendants and other IDOC personnel.

153. Plaintiffs have not been able to access the chapel library to look for religious reading material, listen to inspirational audio tapes that contain Scripture, self help speakers, and music, due to defendants and other IDOC personnel closing the library down.

154. Defendant and other IDOC personnel have violated the Religious Land Use and Institutionalized Persons Act when setting back the religious practices at IDOC by eliminating chapel programming and services, detering plaintiffs and chapel volunteers from attending the chapel, and denying prisoners housed in medical religious services and reading material.

155. By defendants and other IDOC personnel using their personal agenda in eliminating chapel programming and services, and their belief that prisoners should be punished further than being incarcerated, plaintiffs have been denied their religious rights. guarantied by the Religious Land Use and Institutionalized Persons Act.

156. Defendants and other IDOC personnel have interferred with plaintiffs free exercise of religious practice when canceling chapel programming and services, discouraging chapel volunteers and prisoners from attending the chapel, causing chapel volunteers to quit, and restricting plaintiffs ability to access religious reading material.

157. Defendants and other IDOC personnel have violated plaintiffs equal protection rights when they discriminated against Christians, and plaintiffs have suffered from severe pyschological trauma.

158. Defendants and  other IDOC personnel have violated the Establishment Clause when using themselves, IDOC personnel, and prison counselors, to perform religious tasks, and when using chapel/religious funding for non-religious prison use.

D.    Defendants Board of Corrections, Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Christensen, Yordy, Whittington, Kirkman, Web, Barroso, Kimble, Sidwell, Vernal, Sackett, Carlial, Duke, Nickels, Hall, and other IDOC Personnel, 18 U.S.C.A. §241 Violations Against Plaintiffs.

159. Defendants and other IDOC personnel did conspire to oppress, threaten, and intimidate plaintiffs and witnesses because they chose to exercise and enjoy rights and privilages secured to them by the Constitution and laws of the United States, as defined within this complaint.

E.    Defendants Board of Corrections, Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Christensen, Yordy, Whittington, Kirkman, Web, Barroso, Kimble, Sidwell, Vernal, Sackett,

PRISONERS CIVIL RIGHTS COMPLAINT - 27

Carlial, Duke, Nickels, Hall, and other IDOC Personnel,

18 U.S.C.A. §242 Violations Against Plaintiffs.

160. Defendants and other IDOC personnel, willfully subjected plaintiffs and other prisoners to a deprivation of their rights and priviledges protected by the Constitution and laws of the United States, as defined herein this complaint.

F.    Defendants Board of Corrections, Reinke, Sonnen, Panther, Smith, Wamble-Fisher, Christensen, Yordy, Kirkman, and other IDOC Personnel 18 U.S.C.A. §246 Violations Against Plaintiffs.

161. Defendants and other IDOC personnel did willfully obstruct and deprived plaintiffs and other prisoners of their free exercise of their religious beliefs and practices protected by the Constitution of the United States, as defined herein this complaint.

G.    Defendants Board of Corrections, Reinke, Sonnen, and Smith, Violation of Plaintiffs First Amendment Rights to The United States Constitution.

162. Plaintiffs are restricted from receiving any type of nudity, which includes nudity in art books, educational and medical material.

163. Defendants all-out censorship on nudity is in place to impose their standards of sexual morality upon plaintiffs.

164. Defendants ban on nudity does not serve any ligitimate penological interest.

165. Ever since defendants total ban on nudity took affect, an increase in homosexuality activity, personnel and prisoner

PRISONER CIVIL RIGHTS COMPLAINT - 28

relationships, and prisoner gawking and heckling towards female
personnel.

166. Some of the nudity magazines has political articles that can
be found nowhere else but in that magazine.

167. Plaintiffs have been denied their First Amendment right by
defendants total ban on nudity.

168. Defendants total ban on nudity has been hurtful to the IDOC
personnel and prisoners.

169. Plaintiffs have a right not to be subjected to defendants
forced morality.

170. Plaintiffs freedom of expression and political beliefs have
been censored by defendants total ban on nudity.

### Substantial Risk of Imminate Harm

171. Plaintiffs and witness will be subjected to further
retaliation, harassment, and intimidation by defendants and other
IDOC personnel.

172. Defendants and other IDOC personnel retaliation, harassment,
and intimidations towards plaintiffs and witnesses, will cause
plaintiffs, current witnesses, and potential witnesses, to fear
harsher reprisal, which shall lead to their testimony or
potential testimony, being chilled.

173. Plaintiffs will continue to be denied their First Amendment
rights regarding religious pratice, and will be denied their
access to courts.

### Exhaustion of Administrative Remedies

174. Plaintiffs have exhausted all their administrative
remedies regarding all matters raised within this complaint.

## Exhaustion

175. Plaintiffs have exhausted all of their administrative remedies regarding all maters subscribed here-within this complaint.

## V. CAUSE OF ACTION

176. We allege that the following constitutional rights, privileges, or immunities, have been violated:

### Count I

177. Due to Defendant Board of Corrections not creating or enforcing IDOC policy, or by not exercising their duty as set forth in Article X, Section 5, of the Idaho Constitution, and in Idaho Code §20-212, to protect plaintiffs Lance Conway Wood, James Earl Newman, Thomas Baccus Jr., and Milo Beeson from defendants unlawful and unconstitutional volations, amounts to an Eighth Amendment to the United States Constitution violation.

### Count II

178. Due to defendants Board of Corrections, Brent Reinke, Paul Panther, Pam Sonnen, Johanna Smith, Shell Wamble-Fisher, Jay Christensen, Keith Yordy, Keely Duke, Bryan Nickels, and Brady Hall, failure to protect plaintiffs Lance Conway Wood, James Earl Newman, Thomas Baccus Jr., and Milo Beeson, from defendants Jeff Kirkman, Jill Whittington, Web, Barroso, Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel, unlawful and unconstitutional violations, amounts to an Eighth Amendment to the United States Constitution violation.

### Count III

179. Due to defendants Board of Corrections, Brent Reinke, Paul Panther, Johanna Smith, Shell Wamble-Fisher, Jay Christensen, Keith Yordy, Jeff Kirkman, Jill Whittington, Web, Barroso,

Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC
personnel, unlawful and unconstitutional violations against
plaintiffs Lance Conway Wood, James Earl Newman, Thomas Baccus
Jr., and Milo Beeson, for seeking redress of their concerns
through the grievance procedure and/or through the court system,
amounts to a First Amendment to the United States Constitution
violation.

### Count IV

180. Due to defendants Brent Reinke, Pam Sonnen, Johanna Smith,
Shell Wamble-Fisher, Jay Christensen, Keith Yordy, Jeff Kirkman,
Jill Whittington, Web, Barroso, Kimble, Sidwell, Vernal, Sackett,
Carlial, and other IDOC personnel unlawful and unconstitutional
violations in creating, modifying, and canceling IDOC policy and
their failure to provide plaintiffs Lance Conway Wood, James Earl
Newman, Thomas Baccus Jr., and Milo Beeson, with the right to
challenge their unlawful and unconstitutional creations,
modifications, and cancelations, amounts to a denial of plaintiffs
due process rights, a Fourteenth Amendment to the United States
Constitution violation.

### Count V

181. Due to defendants Paul Panther, Keely Duke, Bryan Nickels,
and Brady Hall, failure to protect plaintiffs Lance Conway Wood,
James Earl Newman, Thomas Baccus Jr., Milo Beeson, and witnesses,
by notifying, preventing, investigating or prosecuting defendants
Board of Corrections, Brent Reinke, Pam Sonnen, Johanna Smith,
Shell Wamble-Fisher, Jay Christensen, Keith Yordy, and other IDOC
personnel of their unlawful and unconstitutional violations,
amounts to a Ninth Amendment to the United States Constitution
violation.

PRISONERS CIVIL RIGHTS COMPLAINT - 31

Count VI

18 2. Due to defendants Board of Corrections, Brent Reinke, Paul
Panther, Pam Sonnen, Johanna Smith, Shell Wamble-Fisher, Jay
Christensen, Keith Yordy, Keely Duke, Bryan Nickels, Brady Hall,
Jeff Kirkman, Jill Whittington, Web, Barroso, Kimble, Sidwell,
Vernal, Sackett, Carlial, and other IDOC personnel, unlawful and
unconstitutional violations against plaintiffs Lance Conway Wood,
James Earl Newman, Thomas Baccus Jr., and Milo Beeson, for
seeking redress of their concerns through the grievance procedure
and/or through the court system, amounts to calculated
harassment, an Eighth Amendment to the United States Constitution
violation.

Count VII

18 3. Due to defendants Board of Corrections, Brent Reinke, Paul
Panther, Pam Sonnen, Johanna Smith, Shell Wamble-Fisher, Jay
Christensen, Keith Yordy, Keely Duke, Bryan Nickels, Brady Hall,
Jeff Kirkman, Jill Whittington, Web, Barroso, Kimble, Sidwell,
Vernal, Sackett, Carlial, and other IDOC personnel, unlawful and
unconstitutional violations against plaintiffs Lance Conway Wood,
James Earl Newman, Thomas Baccus Jr., and Milo Beeson, for
seeking redress of their concerns through the grievance procedure
and/or the through the court system, amounts to a First Amendment
to the United States Constitution violation.

Count VIII

184. Due to defendants Board of Corrections, Brent Reinke, Paul
Panther, Pam Sonnen, Johanna Smith, Shell Wamble-Fisher, Jay
Christensen, Keith Yordy, and Jeff Kirkman, not providing
plaintiffs Lance Conway Wood, James Earl Newman, Thomas Baccus
Jr., and Milo Beeson, with persons trained in the law, an

adequate law library, or adequate assistance from prisoners or staff trained in the law, to assit them with preparing their initial court filings, amounts to a denial of access to courts, a First Amendment to the United States Constitution violation.

### Count IX

185. Due to defendants Board of Corrections, Brent Reinke, Paul Panther, Pam Sonnen, Johanna Smith, Shell Wamble-Fisher, Jay Christensen, Keith Yordy, Keely Duke, Bryan Nickels, Brady Hall, Jeff Kirkman, Jill Whittington, Web, Barroso, Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel, unlawful and unconstitutional violations against plaintiffs Lance Conway Wood, James Earl Newman, Thomas Baccus Jr., and Milo Beeson, to deter and prevent the exercising of their rights to seek redress of their concerns through the grievance procedure and through the court sysytem, amounts to a denial of access to courts, a First Amendment to the United States Constitution violation.

### Count X

186. Due to defendants Board of Corrections, Brent Reinke, Pam Sonnen, Johanna Smith, Shell Wamble-Fisher, Jay Christensen, Keith Yordy, Jeff Kirkman, and other IDOC personnel, eliminating chapel programming and services, and detering chapel volunteers and prisoners from attending the chapel, amounts to a denial of plaintiffs Lance Conway Wood, James Earl Newman, Thomas Baccus Jr., and Milo Beeson, equal protection rights in violation of their Fourth Amendment to the United States Constitution and Religious Land Use and Institutionalized Persons Act.

### Count XI

187. Due to defendants Board of Corrections, Brent Reinke, Pam Sonnen, Johanna Smith, Shell Wamble-Fisher, Jay Christensen, Keith Yordy, Jeff Kirkman, and other IDOC personnel eliminating chapel programming and services, and detering chapel volunteers and prisoners from attending the chapel, amounts to a denial of plaintiffs Lance Conway Wood, James Earl Newman, Thomas Baccus Jr., and Milo Beeson, right for free exercise of religious practice, in violation of the Religious Land Use and Institutionalized Persons Act, and First Amendment to the United States Constitution.

### Count XII

188. Due to defendants Board of Corrections, Brent Reinke, Pam Sonnen, Johanna Smith, Shell Wamble-Fisher, Jay Christensen, Keith Yordy, Jeff Kirkman, and other IDOC personnel, eliminating chapel programming and services, and detering chapel volunteers and prisoners from attending the chapel, amounts to a denial of plaintiffs Lance Conway Wood, James Earl Newman, Thomas Baccus Jr., and Milo Beeson, due process rights in violation of their Fourteenth Amendment to the United States Constitution and Religious Land Use and Institutionalized Persons Act.

### Count XIII

189. Due to defendants Board of Corrections, Brent Reinke, Pam Sonnen, Johanna Smith, Shell Wamble-Fisher, Jay Christensen, Keith Yordy, Jeff Kirkman, and other IDOC personnel, using IDOC personnel and counselors to perform religious duties as defined in the Religious Practice policy, and using chapel funding on non-religious activities and personnel, amounts to a denial of

plaintiffs Lance Conway Wood, James Earl Newman, Thomas Baccus
Jr., and Milo Beeson, rights under the Establishment Clause of
the Frist Amendment to the United States Constitution, and
Religious Land Use and Institutionalized Persons Act.

### Count XIIII

190. Due to defendants Board of Corrections, Brent Reinke, Pam
Sonnen, Johanna Smith, Shell Wamble-Fisher, Jay Christensen,
Keith Yordy, Jeff Kirkman, and other IDOC personnel eliminating
the Life Transition Program, amounts to a denial of prisoners
housed in medical their rights for free exercise of religious
practice, in violation of the Religious Land Use and
Institutionalized Persons Act, and First Amendment to the United
States Constitution.

### Count XV

191. Defendants Board of Corrections, Brent Reinke, Paul Panther,
Pam Sonnen, Johanna Smith, Shell Wamble-Fisher, Jay Christensen,
Keith Yordy, Jeff Kirkman, Jill Whittington, Web, Barroso,
Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC
personnel, unlawful and unconstitutional violations against
plaintiffs Lance Conway Wood, James Earl Newman, Thomas Baccus
Jr., and Milo Beeson, because defendants believe that prisoners
should be punished beyond imprisonment, amounts to cruel and
unuasual punishement, in violation of the Eighth Amendment to the
United States Constitution.

XVI

192. Due to defendants Board of Corrections, Brent Reinke, Paul Panther, Pam Sonnen, Johanna Smith, Shell Wable-Fisher, Jay Christensen, Kieth Yordy, Keely Duke, Bryan Nickels, Brady Hall, Jeff Kirkman, Jill Whittington, Web, Barroso, Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel, unlawful and unconstitutional violations against plaintiffs Lance Conway Wood, James Earl Newman, Thomas Baccus Jr., and Milo Beeson, and current witnesses and potential witness, for seeking redress of their concerns through the grievance procedure and through the court system, amounts to a denial of access to courts in violation of plaintiffs Fourteenth Amendment to the United States Constitution.

XVII

193. Due to defendants Board of Corrections, Brent Reinke, Paul Panther, Pam Sonnen, Johanna Smith, Shell Wable-Fisher, Jay Christensen, Kieth Yordy, Jeff Kirkman, Jill Whittington, Web, Barroso, Kimble, Sidwell, Vernal, Sackett, Carlial, and other IDOC personnel, conspiring to oppress, threaten, and intimidate plaintiffs Lance Conway Wood, James Earl Newman, Thomas Baccus Jr., and Milo Beeson, and witnesses for exercising and enjoying their rights and priviledges secured to them by the Constitution and laws of the United States, violated Title 18 U.S.C.A. §241.

Count XVIII

194. Due to defendants Board of Corrections, Brent Reinke, Paul Panther, Pam Sonnen, Johanna Smith, Shell Wable-Fisher, Jay Christensen, Kieth Yordy, Jeff Kirkman, Jill Whittington, Web,

Barroso, Kimble, Sidwell, Vernal, Sackett, Carlial, and other
IDOC personnel, willfully subjecting plaintiffs Lance Conway
Wood, James Earl Newman, Thomas Baccus Jr., and Milo Beeson, and
witnesses to a deprivation of rights and priviledges protected by
the Constitution and laws of the United States, violated Title 18
U.S.C.A. §242.

### Count XIX

195. Due to defendants Board of Corrections, Brent Reinke, Paul
Panther, Pam Sonnen, Johanna Smith, Shell Wamble-Fisher, Jay
Christensen, Keith Yordy, Jeff Kirkman, and other IDOC personnel,
willfully obstructing and depriving plaintiffs Lance Conway Wood,
James Earl Newman, Thomas Baccus Jr., and Milo Beeson, and those
prisoners housed in medical, their free exercise of religious
beliefs and practices protected by the Constitution and laws of
the United States, violated Title 18 U.S.C.A. §246.

### XX

196. Due to defendants Board of Corrections, Brent Reinke, Pam
Sonnen, and Johanna Smith, total ban on nudity, based solely on
their personal morality, amounts to a denial of plaintiffs Lance
Conway Wood, James Earl Newman, Thomas Baccus Jr., and Milo
Beeson rights guarantied by the First Amendment to the United
States Constitution.

### VI. PRAYER FOR RELIEF

WHEREFORE, plaintiffs repsectfully pray that the Court:

1. Declare that the acts and omissions described herein,
violated plaintiffs rights under the Constitution and laws of the
United States.

PRISONERS CIVIL RIGHTS COMPLAINT - 37

2.   Enter preliminary and permanent injunctions ordering defendants, their successors, agents, employees, and all persons acting in concert with them, to protect plaintiffs from defendants ongoing unlawful and unconstitutional violations.

3.   Enter preliminary and permanent injunctions ordering defendants, their successors, agents, employees, and all persons acting in concert with them, to conform to the constitution and law of the state by hiring persons trained in the law to assist prisoners with their initial court filing.

4.   Enter preliminary and permanent injunctions ordering defendants, their successors, agents, employees, and all persons acting in concert with them, to comply with the Religious Practice policy.

5.   Enter preliminary and permanent injunctions ordering defendants, their successors, agents, employees, and all persons acting in concert with them, to restart all chapel programming and services, music program, religious movies, and the Life Transition Program, and reopen the chapel library.

6.   Enter judgement in favor of plaintiffs for compensatory, and punitive damages, as allowed by law, against each defendant, jointly and severally.

7.   Order such additional relief as this Court may deem just and proper.

RESPECTFULLY Submitted this 25th day of May, 2010.

Lance Wood
ISCI 9-A-7-A
P.O. Box 14
Boise, Idaho 83707

PRISONERS CIVIL RIGHTS COMPLAINT - 38

James Newman
ISCI Unit 7
P.O. Box 14
Boise, Idaho 83707


Thomas Baccus Jr.
ISCI Unit 16
P.O. Box 14
Boise, Idaho 83707


Milo Beeson
ISCI Unit 11
P.O. Box 14
Boise, Idaho 83707


Pursuant to 28 U.S.C. §1746, we declare and verify under penalty of perjury, and under the laws of the United States of America, that the foregoing is true and correct. Executed on May 25, 2010.


Lance Wood


James Newman


Thomas Baccus Jr.


Milo Beeson


PRISONERS CIVIL RIGHTS COMPLAINT - 39